IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GEORGE BARNETT, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 4:04CV394 |
| | § | |
| MAURICE SPORTING GOODS, INC., | § | |
| Defendant. | § | |

**ORDER GRANTING DEFENDANT'S MOTION TO DEEM FACTS ADMITTED,
DENYING PLAINTIFF'S MOTION TO SET ASIDE DEEMED ADMISSIONS,
DENYING DEFENDANT'S MOTION TO STRIKE BARNETT'S LATE-FILED
RESPONSE TO SUMMARY JUDGMENT, AND GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

Pending before the Court are Defendant's Motion to Deem Facts Admitted [Doc. No. 18], Plaintiff's Motion to Set Aside Deemed Admissions and Response to Defendants Motion to Deem Facts Admitted [Doc. No. 26], Defendant's Motion to Strike Barnett's Late-Filed Response to Summary Judgment [Doc. No. 35], and Defendant's Motion for Summary Judgment [Doc. No. 20]. After considering the motions, responses, reply and applicable law, the Court notified the parties by telephone of its rulings that the motion to deem facts admitted should be granted, the motion to set aside deemed admissions should be denied, and the motion for summary judgment should be granted. The Court is also of the opinion that Defendant's motion to strike Plaintiff's late-filed response to its motion for summary judgment should be denied. The Court's rulings are now reduced to writing.

**BACKGROUND**

Plaintiff George Barnett ("Plaintiff" or "Barnett") is a well-known wildlife photographer who resides in Grayson County, Texas. Defendant Maurice Sporting Goods, Inc. ("Defendant" or "Maurice") is a national sporting goods merchandiser with its principal place of business in Illinois.

Plaintiff sued Defendant in Texas state court in November 2004, alleging that Defendant lost at least three hundred 35 mm slide images that Plaintiff provided to it in anticipation of Defendant using the images for products sold or used by Defendant.  Plaintiff brings claims for breach of contract, or alternatively for recovery in quantum meruit, for conversion, and for negligence.  Defendant removed the case to this Court in November 2004.  By Scheduling Order dated July 1, 2005, the Court set September 1, 2005 as the discovery deadline as to all witnesses in this case.

On June 30, 2005, Defendant served upon Plaintiff its first set of interrogatories, document requests and requests to admit.  Plaintiff did not answer this written discovery within the time period set forth in Rule 36 of the Federal Rules of Civil Procedure.  Defendant also served upon Plaintiff written discovery on July 22, 2005 that was also not answered within the time period established by the Federal Rules of Civil Procedure.  On September 1, 2005, Defendant took Plaintiff's deposition.  Toward the end of Plaintiff's deposition, Defendant's counsel mentioned to Plaintiff's counsel that she had not received Plaintiff's answers to the June 30, 2005 and July 22, 2005 written discovery and that such answers were overdue.  Plaintiff's counsel stated that he had a copy of Plaintiff's answers that he and Plaintiff had been reviewing that morning, and offered the copy to Defendant's counsel.  Plaintiff's counsel represented that the answers were signed, that a copy had been sent to Defendant's counsel by certified mail, return receipt requested, and that he would locate cover letters and certified mail receipts and send them to Defendant's counsel.  Defendant's counsel accepted the copies produced by Plaintiff's counsel at the deposition and requested to see the certified mail receipts, as well as copies of any documents that had been produced.  Upon suspension of the deposition on September 1, 2005, Defendant's counsel searched on the United States Postal Service's website for the receipt number found on the copies provided to them by Plaintiff's counsel;

Defendant's counsel found no record of that receipt number in the Postal Service's database. Additionally, the record is devoid of any evidence that Plaintiff's counsel ever produced the requested certified mail receipts and copies of documents previously produced.

Defendant filed its motion to deem facts admitted on September 26, 2005. Defendant asks the Court to deem the following facts admitted:

1. Barnett does not have a contract with Maurice for any images or slides he sent to Maurice in 1999.
2. Barnett does not have a contract with Maurice for any images or slides he sent to Maurice in 2000.
3. Barnett does not have a contract with Maurice for any images or slides he sent to Maurice in 2001.
4. Barnett waited more than four years after Barnett allegedly shipped images to Maurice to file suit.
5. Barnett's lawsuit is barred by applicable statutes of limitation.
6. Barnett contributed to his own loss.
7. All slides that Barnett sent to Maurice were returned to Barnett.
8. All images sent to Maurice by Barnett were returned to Barnett.
9. Barnett has not suffered any damage as a result of Maurice's alleged actions.

Defendant filed its motion for summary judgment on the following day. Plaintiff filed its response and motion to set aside deemed admissions on October 17, 2005. Plaintiff attempted to file its response to Defendant's motion for summary judgment on October 17, 2005, but the response exceeded the page limit established by Local Rule CV-7(a)(1) and was not accepted by the clerk's office. The clerk's office informed Plaintiff's counsel on that same date that the response should be refiled. Plaintiff did not refile his response. On December 7, 2005, the Court entered an Order informing the parties that all evidence opposing the motion for summary judgment should be filed prior to December 12, 2005, and that it would decide Defendant's motion for summary judgment on or after December 12, 2005. Plaintiff filed his response to the motion for summary judgment on December 12, 2005, several weeks after the initial deadline to file his response and after the

3

supplemental deadline the Court set forth in its December 7, 2005 Order.

## DISCUSSION

**A.      Defendant's Motion to Deem Facts Admitted**

Defendant properly served its requests for admission within the bounds of Rule 36(a), which governs requests for admission. Matters of which an admission is requested are deemed admitted unless the party to whom the request is directed serves upon the requesting party written answers or objections, signed by the party or his attorney, within thirty days after the service of the request, unless that time is altered by agreement of the parties or by order of the Court. Fed. R. Civ. P. 36(a). Objections must be accompanied by the reasons therefor, and answers must specifically deny the matter or set forth in detail the party's reasons for not truthfully admitting or denying the matter. *Id.* Litigants may request admissions to a broad range of matters, including ultimate facts, as well as applications of law to fact. *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). The breadth of matters about which a party may inquire "allows litigants to winnow down issue prior to trial and thus focus their energy and resources on disputed matters." *Id.* For Rule 36 to be effective, therefore, parties must be able to rely on the fact that matters admitted will not later be subject to challenge. *Id.*

Matters admitted under Rule 36 are "conclusively established" unless the Court, upon motion, allows withdrawal or amendment of the admissions. *Id.*; Fed. R. Civ. P. 36(b). A Court may permit withdrawal or amendment of deemed admissions when doing so will preserve the presentation of the merits of the action, and when the party that obtained the admissions fails to satisfy the Court that withdrawal or amendment will prejudice that party in maintaining its action or defense on the merits. *Id.* Thus, Rule 36(b) places a burden on both parties: the party making the admissions must show that the presentation of the merits would be subserved, while the party

obtaining the admissions must satisfy the court that withdrawal or amendment of the admissions will prejudice that party.

Plaintiff responds to Defendant's motion to deem facts admitted by attempting to shift the burden to Defendant to inform Plaintiff that Plaintiff did not respond to the requests for admissions. Plaintiff's position is incorrect. Rule 36 provides that each matter of which an admission is requested "is admitted" unless the party upon which the request is served serves upon the requesting party a signed, written objection or answer within the appropriate time. The Rule does not place upon the requesting party an affirmative duty to seek out answers to its requests.

Likewise, Plaintiff attempts to place upon Defendant an obligation to give Plaintiff notice of its intention to seek deemed admissions. Again, Plaintiff misinterprets the requirements of Rule 36. According to the Rule, matters are admitted unless the party receiving the requests affirmatively acts within the deadline set forth in the rule, agreed upon by the parties, or established by the Court. The Rule is self-executing, and court intervention is not necessary for an admission to be established. *See Le v. The Cheesecake Factory Rests.*, 2005 WL 2266610, at *5 (S.D. Tex. Sept. 14, 2005); *Curtis v. State Farm Lloyds*, 2004 WL 1621700, at *4 (S.D. Tex. Apr. 29, 2004). In the present case, the matters requested were deemed admitted the moment Plaintiff missed the thirty-day deadline to serve written answers or objections upon Defendant. While Defendant's motion was necessary to draw the Court's attention to the deemed admissions, the Court has no discretion under Rule 36(a) to deem the matters not admitted. Rather, the Court may only permit withdrawal or amendment of the admissions upon motion under Rule 36(b).

When analyzing a Rule 36(b) motion to withdraw or amend admissions, the Court must first consider whether the presentation of the merits of the action will be subserved thereby. To this end,

the Court may look at whether the effect of upholding the admissions would be practically to eliminate any presentation of the merits. *See Le*, 2005 WL at *6. The matters that are the subject of Defendant's requests for admissions are all matters that are material to Plaintiff's claims and allegations in this lawsuit. The practical effect of upholding Plaintiff's admissions would, in fact, be to eliminate any presentation of the merits of Plaintiff's case. Thus, the Court finds that the presentation of the merits of Plaintiff's case will be subserved by allowing Plaintiff to withdraw or amend its admissions.

Next, the Court must consider whether Defendant has shown that it will be prejudiced should Plaintiff be allowed to withdraw or amend its admissions. Courts usually find that the prejudice contemplated herein relates to special difficulties a party may face caused by a sudden need to obtain new evidence or to locate key witnesses. *See AAA v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.3d 1117, 1120 (5th Cir. 1991). Defendant argues that, should Plaintiff be permitted to withdraw or amend its admissions, discovery must be reopened and discovery already completed must be redone, Defendant may have to depose Barnett and take additional depositions, Defendant's expert may have to revise his report, and the trial date may be in jeopardy. Considering that the discovery deadline in this case was September 1, 2005, and the expert report deadline was September 15, 2005, Defendant would have had to reopen discovery on the matters that were the subject of its requests for admission after the respective deadlines passed. Doing so would likely have changed the dispositive motion deadline and the trial date.

When considering the second factor, some courts also weigh the moving party's need to prove prejudice against the opposing party's diligence in the prosecution of its action. *See Le*, 2005 WL at *7. The evidence indicates that not only was Plaintiff not diligent in the prosecution of this

action, but also that his counsel's dilatory, evasive, and even deceptive actions severely prejudiced Defendant in preparation of its case. First, Plaintiff served Defendant at the end of Plaintiff's deposition with discovery responses that Plaintiff's counsel claims were served weeks earlier, within the time permitted by Rule 36, via certified mail, return receipt requested, and Plaintiff's counsel represented to Defendant's counsel that he would provide them with copies of the certified mail receipts. After the deposition, however, Defendant could not locate receipt numbers indicating that either discovery response had actually been mailed. Plaintiff has yet to even attempt to offer an explanation as to how this happened.

Moreover, Plaintiff expresses grave concerns with Defendant's filing of its motion to deem facts admitted, yet such concerns were not sufficient to induce Plaintiff to file its response to Defendant's motion within the time period set forth in the Local Rules. Plaintiff did not file its response and motion to withdraw until several days after it was due. Plaintiff also attempted to file its response to Defendant's motion for summary judgment several days after that deadline passed. The clerk's office informed Plaintiff's counsel on that same date that the response did not conform to the Local Rules and would not be accepted; Plaintiff's counsel did not attempt to refile the response. In fact, as the trial date neared, the Court was forced to enter an Order admonishing Plaintiff that if he wanted a response to the motion for summary judgment to be considered, such response should be filed prior to December 12, 2005. Plaintiff also failed to meet this deadline, as his response was not filed until the day of December 12, 2005, which was after the Court's extended deadline and was almost two months after the original deadline set forth in the Local Rules.

It appears, therefore, that Plaintiff's counsel was quite dilatory in prosecuting his case, and also that he attempted to deceive Defendant's counsel with regard to the question of whether he

served responses to Defendant's written discovery prior to the deposition on September 1, 2005. Moreover, in light of the magnitude of the matters deemed to be admitted by his client, Plaintiff's counsel did not act diligently in moving for withdrawal. Considering all of the evidence in the record, the Court can reach no other conclusion but that permitting withdrawal or amendment at such a late stage in this case would be extremely prejudicial to Defendant.

But the Court cannot consider conclusively established all of the matters propounded by Defendant. The Fifth Circuit has stated that Rule 36 "allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." *Carney*, 258 F.3d at 419. But requests for admission cannot be used to compel an admission of a conclusion of law. *See id.* In request number five, Defendant asked Plaintiff to admit that, "Barnett's lawsuit is barred by applicable statutes of limitation." The Court is of the opinion that this request calls for a legal conclusion and should be excluded. Defendant also asked Plaintiff to admit that "Barnett does not have a contract with Maurice for any images or slides he sent to Maurice" in 1999, 2000, or 2001. The Court is of the opinion that these requests call for applications of law to fact and should be admitted. All other requests that are the subject of Defendant's motion to deem facts admitted request either admissions as to ultimate facts or applications of law to fact and should be admitted. Thus, Defendant's motion to deem facts admitted should be granted as to all of Defendant's requests other than request number five, and all of Defendant's requests except for request number five are deemed admitted and are conclusively established for the purposes of this lawsuit. Plaintiff's motion to set aside deemed admissions should be denied.

**B.     Defendant's Motion for Summary Judgment**

The breadth of matters open to admission under Rule 36 allows litigants to "winnow down

issues prior to trial and thus focus their energy and resources on disputed matters." *Carney*, 258 F.3d at 419.  For Rule 36 to be effective, litigants "must be able to rely on the fact that matters admitted will not later be subject to challenge"; thus, all matters admitted and not withdrawn or amended on motion are "conclusively established." *Id.*  Under Rule 56(c) of the Federal Rules of Civil Procedure, "admissions on file" are an appropriate basis for summary judgment. *Id.* at 420.  Since Rule 36 admissions that have not been withdrawn or amended, even if by default as in the present case, are *conclusive* as to the matters admitted, they "cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record." *Id.*; *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985).  Once a matter is conclusively established, no genuine issue remains as to this fact. *See Dukes*, 770 F.2d at 549.

The Court has reviewed Defendant's motion to strike Plaintiff's response to its motion for summary judgment and is quite cognizant of Plaintiff's failure to meet two separate deadlines, one established by the Local Rules and one established by the Court, by which it should have filed its response to the summary judgment motion.  The Court is also acutely aware that, for reasons set forth below, Plaintiff has made admissions that cannot be controverted by summary judgment evidence.  Nevertheless, the Court declines to strike Plaintiff's response to the motion for summary judgment.  Defendant's motion to strike should be denied.  Plaintiff brought state law claims against Defendant for breach of contract, or in the alternative for recovery in quantum meruit, for conversion, and for negligence.  Each cause of action will be discussed in turn.

### 1.     **Breach of Contract**

The elements of a claim for breach of contract under Texas law are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract

9

by the defendant, and (4) damages to the plaintiff resulting from that breach. *Harris v. Am. Prot. Ins. Co.*, 158 S.W.3d 614, 622-23 (Tex. App.–Fort Worth 2005, no pet. h.); *Runge v. Raytheon E-Systems, Inc.*, 57 S.W.3d 562, 565 (Tex. App.–Waco 2001, no pet.). Plaintiff's claims are based upon alleged contracts for the use of slides and images between Plaintiff and Defendant in 1999 and 2001. It is conclusively established for the purposes of this case, however, that Plaintiff did not have contracts with Defendant for any images or slides Plaintiff sent to Defendant in 1999 or 2001. It is further conclusively established that Plaintiff did not suffer any damage as a result of Defendant's actions. Plaintiff cannot overcome these conclusively established matters at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record. *Carney*, 258 F.3d at 420. Thus, Plaintiff is unable to establish at least two elements of his breach of contract claim, and Defendant's motion for summary judgment as to Plaintiff's breach of contract claim should be granted.

  **2.**  **Quantum Meruit**

Under Texas law, the elements of a quantum meruit claim are (1) valuable services and/or materials were furnished, (2) to the party sought to be charged, (3) which were accepted by the party sought to be charged, and (4) under circumstances that reasonably notified the recipient that the complaining party, in performing, expected to be paid by the recipient. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992); *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990). To justify recovery in quantum meruit, a plaintiff must show not only that he rendered a partial performance of value, but also that the defendant has been unjustly enriched and the plaintiff would be unjustly penalized if the defendant were permitted to retain the benefits of the partial performance without paying anything in return. *Truly v. Austin*, 744 S.W.2d

934, 938 (Tex. 1988).

Quantum meruit is an equitable theory that is based upon a promise implied by law to pay for beneficial services rendered and knowingly accepted. *Vortt Exploration*, 787 S.W.2d at 944. The measure of recovery in quantum meruit is the reasonable value of services rendered or materials furnished. *See Hudson v. Cooper*, 162 S.W.3d 685, 688 (Tex. App.–Houston [14th Dist.] 2005, no pet. h.) (citing *Colbert v. Dallas Joint Stock Land Bank*, 136 Tex. 268, 271, 150 S.W.2d 771, 773 (1941)). It is well settled in Texas law that "A judgment predicated upon Quantum meruit must be supported by evidence of the reasonable value of labor or services performed and materials furnished." *Air Conditioning, Inc. v. L. E. Travis & Sons, Inc.*, 578 S.W.2d 554, 556 (Tex. Civ. App.–Austin 1979, no writ); *Salmon v. Salmon*, 406 S.W.2d 949, 952 (Tex. Civ. App.–Fort Worth 1966, writ ref'd n.r.e.); *Leon Farms Corp. v. Beeman*, 240 S.W.2d 433, 435 (Tex. Civ. App.–El Paso 1951, writ ref'd n.r.e.). This means, essentially, that a judgment predicated upon quantum meruit must be supported by evidence of damages. In this case, however, Plaintiff has admitted, and it is conclusively established for the purposes of this case, that Plaintiff did not suffer any damage as a result of Defendant's alleged actions. Because this fact is conclusively established, it cannot be overcome on summary judgment by contradictory affidavit testimony or other evidence in the summary judgment record. *Carney*, 258 F.3d at 420. Accordingly, Plaintiff cannot present evidence of damages and cannot support a judgment in quantum meruit, and Defendant's motion for summary judgment as to Plaintiff's quantum meruit claim should be granted.

### 3.     Conversion

The term "conversion" means, under Texas law, "the unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or

inconsistent with the owner's rights." *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971). To prevail on a conversion cause of action, a plaintiff must prove that (1) it owned, had legal possession of, or was entitled to possession of property; (2) the defendant assumed and exercised dominion and control over the property in an unlawful and unauthorized manner, to the exclusion of and inconsistent with the plaintiff's rights; (3) the plaintiff made a demand for the property; and (4) the defendant refused to return the property. *French v. Moore*, 169 S.W.3d 1, 13 (Tex. App.–Houston [1st Dist.] 2004, no pet. h.); *Ojeda v. Wal-Mart Stores, Inc.*, 956 S.W.2d 704, 707 (Tex. App.–San Antonio 1997, pet. denied). The Texas Supreme Court has explicitly held, moreover, that "A plaintiff must prove damages before recovery is allowed for conversion." *United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147 (Tex. 1997) (citing *Prewitt v. Branham*, 643 S.W.2d 122, 123 (Tex. 1982)). Plaintiff has acknowledged his burden of proving damages. It is conclusively established for the purposes of this case, however, that Plaintiff did not suffer any damage as a result of Defendant's actions. Thus, Plaintiff cannot recover for conversion, and Defendant's motion for summary judgment as to Plaintiff's conversion claim should be granted.

**4.    Negligence**

The elements of a negligence cause of action under Texas law are (1) the existence of a legal duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *IHS Cedars Treatment Ctr. of Desoto, Texas, Inc., v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). That Plaintiff did not suffer any damage as a result of Defendant's alleged actions is conclusively established for the purposes of this case, and this fact cannot be overcome on summary judgment by contradictory affidavit testimony or other evidence in the summary judgment record. *Carney*, 258 F.3d at 420. Therefore, Plaintiff cannot show that he suffered any damages as a result of Defendant's alleged

actions, and specifically cannot show that he suffered any damages as a result of any alleged breach of any legal duty owed to him by Defendant.  Thus, Plaintiff cannot prove the third element of his negligence cause of action.  Defendant's motion for summary judgment should be granted as to Plaintiff's negligence cause of action.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Deem Facts Admitted should be granted, Plaintiff's Motion to Set Aside Deemed Admissions and Response to Defendants Motion to Deem Facts Admitted should be denied, Defendant's Motion to Strike Barnett's Late-Filed Response to Summary Judgment should be denied, and Defendant's Motion for Summary Judgment should be granted.

IT IS SO ORDERED.

**SIGNED this 10th day of March, 2006.**

_____
PAUL BROWN
SENIOR UNITED STATES DISTRICT JUDGE